UNITED STATES of America,
Plaintiff,

v.

Anthony JONES Jr., Defendant.

No. 98–30027

United States District Court,
C.D. Illinois,
Springfield Division.

May 19, 1999.

Patricia A. Tomaw, Springfield, IL, for plaintiff.

W. Scott Hanken, Robin L. DuRocher, Springfield, IL, for defendant.

## OPINION

RICHARD MILLS, District Judge.

Does the U.S.S.G. § 2K2.1(b)(5) gun enhancement apply when the gun is used in connection with felony possession of controlled substances?

Yes.

Objection to the PSR is denied.

## I. Background

After law enforcement officers searched Jones' residence pursuant to a valid search warrant,[1] they found a pistol by the bedside table, along with several small baggies of marijuana. In addition, they found a shotgun under the bed, over $5,000.00 in cash, and other small baggies of marijuana in different parts of the residence. Based on these pieces of evidence, the Government charged Jones with felon in possession of a firearm pursuant to 18 U.S.C. § 922(g). Jones subsequently pleaded guilty to this charge, and this case is currently before the Court for sentencing.

Although Jones was never indicted or otherwise charged with the offense of distributing marijuana in federal court, the Government argues that Jones in fact possessed firearms "in connection with" another felony, i.e. distribution of marijuana, and seeks a four-level gun enhancement to his base offense level under U.S.S.G. § 2K2.1(b)(5). Jones objects to the enhancement.[2]

## II. Analysis

■ For sentencing purposes, the Government has the burden to prove by a preponderance that the enhancement is applicable. *See United States v. Foutris*, 966 F.2d 1158, 1160 (7th Cir.1992). Section 2K2.1(b)(5) requires a four-level enhancement "[i]f the defendant used or possessed any firearm ... in connection with another felony offense...." *Id.* Thus, to apply the gun enhancement, the Government must show that (1) Defendant possessed a firearm; (2) in connection with; (3) another felony offense.

The Government argues that based on the items seized from Defendant's residence and the record, the Court could find by a preponderance that Defendant was distributing marijuana. Specifically, the Government points to the large sum of cash and small baggies of drugs as circumstantial evidence that Defendant was selling marijuana at the time he was arrested. Alternatively, the Government argues that if there is insufficient evidence to suggest that Defendant distributed marijuana, Defendant's simple possession of controlled substances—a felony in Defendant's case due to his prior drug conviction—is sufficient to support the enhancement in this case.

Defendant argues that there is insufficient evidence in the record to suggest that he distributed marijuana. He argues that without the confidential informant testifying at sentencing, her affidavit should not be relied on as evidence that Defendant was distributing marijuana. He does not, however, dispute that he possessed marijuana or that he possessed the firearms. He merely argues that the marijuana was for personal use, and not for distribution.

Since there is no dispute as to whether Defendant possessed the guns, the only remaining issues are whether Defendant possessed the firearms "in connection with" another "felony offense."

### A. "In connection with"

■ Whether or not a firearm is possessed "in connection with" the drug activity is a factual question. The Seventh Cir-

---

1. The search warrant was supported by an affidavit of a confidential informant, "Jane Doe." In her affidavit, Jane Doe swore that Jones sold her marijuana from his home in the past, and that Jones told her that he had a pistol to protect his drug supply. Although Jones challenged the reliability of the affidavit, this Court found that the affidavit had sufficient indicia of reliability to support a finding of probable cause.

2. In the plea agreement between the Government and Defendant, Defendant waived his right to appeal the sentence imposed by the Court except for the Court's determination of Defendant's criminal history category and the Court's corresponding calculations of the guideline range using that criminal history category. Based on the language in the plea agreement, it appears that Defendant waived his right to appeal any other aspect of the sentence, including enhancements to his base offense level.

cuit has, however, held that the district court may infer that a firearm was used for purposes of drug activity from the firearm's proximity to the drugs when they were seized. *See United States v. Patterson*, 97 F.3d 192, 196 (7th Cir.1996) (affirming a § 2K2.1(b)(5) enhancement when the district court inferred that a firearm was used for the purposes of drug activity from the firearm's proximity to three pounds of marijuana in the trunk of a car); *United States v. Carmack*, 100 F.3d 1271, 1280 (7th Cir.1996) ("[p]roximity between the firearm and drugs is an appropriate test for determining whether the gun was possessed in connection with the drug offense ..."); *see, also, United States v. Jackson*, 65 F.3d 631 (7th Cir.1995) (allowing a similar inference for 18 U.S.C. § 924(c)(1) purposes).

In this case, a pistol was found on the bedside table next to small Ziplock baggies of marijuana, along with a shotgun under the bed. There is no question that the guns were in close proximity to the drugs. As such, the Court can easily infer several scenarios under which Defendant can use the firearms in connection with the drug offenses. For example, Defendant could have used the guns to protect his drug supply from potential thieves. Also, he could have taken the guns with him to drug buys for protection. Thus, based on the facts and circumstantial evidence presented in the record, the Court finds that Defendant used the guns "in connection" with a drug offense.

### B. "Another Felony Offense"

■ A "felony offense" is any offense punishable by imprisonment for a term exceeding one year, whether or not a criminal charge was brought, or conviction obtained. *See* U.S.S.G. § 2K2.1 Application Note 7. As noted before, the Government argues that the information provided by the confidential informant regarding Defendant selling her marijuana on several occasions, along with the fact that multiple small baggies of marijuana and approximately $6,400.00 in cash that were found in Defendant's residence, suggests that he was dealing marijuana.

As an alternative argument, the Government argues that even if there is insufficient evidence to show that Defendant sold marijuana, Defendant's mere possession of marijuana is a felony offense that can support the gun enhancement. Under 21 U.S.C. § 844(a) and 720 ILCS 550/4, possession of controlled substances by a defendant who has a prior drug conviction is a "felony offense." It is undisputed that Defendant has a prior drug conviction, and that Defendant possessed marijuana.

■ Either the distribution or the possession of marijuana can support the gun enhancement in this case. Even if the Court disregards the information provided in Jane Doe's affidavit, the Court finds that there is sufficient evidence in the record to support a finding by a preponderance that Defendant committed one, if not both, of the offenses. As noted before, Defendant does not dispute that he possessed the firearms or the marijuana. Moreover, the abundance of small baggies of marijuana, a large sum of cash, a small hand scale, and firearms suggests that Defendant was distributing marijuana. In either case, the Court finds that Defendant used the guns, *inter alia*, to protect his drug supply.[3] Consequently, Defendant possessed the firearms "in connection with" another felony offense.

*Ergo*, Defendant's objection is DENIED. After enhancing Defendant's

---

**3.** It is irrelevant for enhancement purposes whether Defendant possessed the marijuana for distribution or personal use. *See, e.g., United States v. Condren*, 18 F.3d 1190 (5th Cir.1994). In *Condren*, the Fifth Circuit interpreted § 2K2.1(b)(5) gun enhancement to apply to felony possession of control substances, even if the amount of drugs was small, or even if the drugs were intended for personal use. *See id.* at 1199 (citation omitted). Since the Seventh Circuit has not addressed this issue, the Court adopts the Fifth Circuit's reasonable interpretation of § 2K2.1(b)(5).

base offense level of 20 by 4, and then subtracting 3 levels for timely acceptance of responsibility, the Court finds that the appropriate offense level to be 21. Defendant's criminal history category is IV. Accordingly, the Court finds that the appropriate guideline range to be 57–71 months. After considering arguments by both sides, the Court sentences Defendant to 60 months imprisonment, followed by 3 years of supervised release. In addition, a fine of $1,000.00 is imposed, as well as a special assessment of $100.00.